LYONS, Judge,
delivered the resolution of the Court, the following effect:
It was objected, that the trustees sold upon credit, and not' for ready money: but this, at best, is doubtful; and we think, under the circumstances of the case, ought not to have been insisted on: for, they acted with the general approbation of the parties concerned; had no interest in the transaction themselves; and appear to have only wished toi give satisfaction to those who had.
No question could have arisen in the case, if the parties having an interest in the subject, had not become purchasers. But, if the sale was fair, and the purchase honest, why should that circumstance affect the case? Especially, as their bidding, by creating a competition, must have enhanced the sale, and increased the price.
The purchasers were not to blame, that the money was not received sooner; they were ready to have made payment, but it was postponed by consent, on their agreeing to pay interest.
The sale was made, when paper money was current, and it was current, also, when the money was paid: So' that what they had agreed to give, they actually paid; and thus strictly performed their contract.
The purchasers in this case asked no favor, so as to give the Court of Equity power of imposing terms, as was done In the case of White v. Atkinson 2 Wash. [94,] for in that case, there was no payment of the purchase money. But, if the money had been actually paid, there can be no doubt, but that a conveyance would have been decreed.
The doctrine, that the purchasers in the present case were bound to see to the application of the purchase money, cannot be maintained; and, Upon the whole, the Court is of opinion, that the decree of the High Court of Chancery is erroneous and oüght to be reversed.